**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3562
_____

CARLET D. WARD,
                              Appellant

v.

MBNA AMERICA, (Bank of America)
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-10-cv-00759)
District Judge:  Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2014

Before: FISHER, VANASKIE and BARRY, Circuit Judges

(Opinion filed: June 30, 2014)
_____

OPINION
_____

PER CURIAM

       Carlet D. Ward, proceeding pro se and in forma pauperis, appeals from the United

States District Court for the District of Delaware's July 22, 2013 order granting MBNA

America's ("MBNA") motion for summary judgment in this employment discrimination

action.  We will affirm the District Court's order.

1

I.

Beginning in October 2003, Ward worked as a part-time account representative for MBNA in Dover, Delaware. Ward received a "first warning for conduct" in August 2005. In September 2005, Ward submitted internal, written complaints to MBNA that addressed the warning for conduct and alleged a series of discriminatory employment events beginning in May 2004. MBNA's human resources personnel reviewed Ward's complaints and concluded that discrimination had not occurred.

Around January 2006, MBNA announced that the Dover site would close and that Ward's position would be eliminated. Following the announcement, Ward applied for other positions within the company. In March 2006, Ward interviewed for a position as a bank teller. During the interview, Ward was unable to recall or explain the "principles of MBNA." Ward was later informed that she was not selected for the position because, unlike the successful candidate, she could not remember that information. Ward, who knew only that the hired-individual was female, believed that MBNA's explanation for not hiring her was insincere and thought instead that her race was a factor. Consequently, Ward submitted a charge information questionnaire to the Equal Employment Opportunity Commission ("EEOC") on August 7, 2006.

In the questionnaire, Ward generally made two allegations: (1) that she was discriminated against in September 2005, and (2) that she was not hired for the teller position in March 2006 as retaliation for her September 2005 internal complaints. The EEOC determined that the allegations of discrimination in September 2005 could not be investigated because they were filed more than 300 days after their occurrence.

2

However, the March 2006 retaliation allegation was timely, and a formal charge of discrimination was filed in April 2007. In June 2010, the EEOC determined that there was no evidence establishing a causal link between the September 2005 internal complaints and Ward's unsuccessful application for the teller position in March 2006. Ward received a right-to-sue letter and filed a complaint in the District Court, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5.

Ward alleged in her complaint the same discrimination claims that she had raised before the EEOC. MBNA filed a motion for summary judgment. In July 2013, the District Court granted MBNA's motion for summary judgment, finding that all of Ward's claims other than her March 2006 retaliation claim were time-barred, and that Ward failed to establish a prima facie case of retaliation. Ward timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo, and all inferences drawn from the underlying facts are viewed in the light most favorable to the nonmoving party. Montone v. City of Jersey City, 709 F.3d 181, 189 (3d Cir. 2013). Summary judgment is proper only if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3

III.

Ward contends that the District Court erred in granting summary judgment in favor of MBNA.[1]  First, to the extent that Ward argues that the District Court erred in concluding that her September 2005 claims were not administratively exhausted, we disagree.  In Delaware, before a plaintiff may bring an action under Title VII, she must file a charge with the EEOC within 300 days of the alleged unlawful employment action.  See 42 U.S.C. § 2000e-5(e)(1); Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000); Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1414 (3d Cir. 1991) (en banc); Ohemeng v. Del. State Coll., 643 F. Supp. 1575, 1580 (D. Del. 1986).  After Ward filed her questionnaire on August 7, 2006, the EEOC determined that the September 2005 discrimination allegations were untimely.  Because it is clear from the record that Ward's September 2005 claims were filed with the EEOC beyond the 300-day filing period, the District Court properly concluded that she was barred from proceeding with those claims.  However, as correctly determined by the EEOC and the District Court, Ward's March 2006 claim of retaliation was timely filed with the EEOC.  Accordingly, Ward's lawsuit was limited to the retaliation claim, because her formal charge of discrimination included only that claim.  See Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir.

_____

[1] MBNA argues that Ward failed to respond to its motion for summary judgment before the District Court, and therefore waived any opposition on appeal.  We will review Ward's arguments because, as MBNA noted, the waiver rule is discretionary, see Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 249 (3d Cir. 2013), and because we find that Ward responded to the motion for summary judgment and preserved the arguments discussed below.  However, Ward's attempt to raise other claims for the first time on appeal, including, inter alia, claims of attorney malpractice, are not properly before us.

4

1976) ("[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . . .").

Second, Ward argues that the District Court incorrectly determined that she failed to establish a prima facie case of retaliation. A prima facie claim for retaliation under Title VII requires three elements: "(1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 286 (3d Cir. 2001) (footnote omitted). The District Court concluded that Ward could not satisfy the third element. Specifically, the District Court found that the six-month proximity between Ward's filing of internal complaints in September 2005 and her non-selection as a teller in March 2006, without more, was insufficient to establish a prima facie case of retaliation. While temporal proximity can be sufficient to demonstrate a causal link, the timing must be "unusually suggestive" of a retaliatory motive before a causal link will be inferred. Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 189 & n.9 (3d Cir. 2003). We agree with the District Court that the six-month proximity in this case, without more, is insufficient to establish a causal link. See, e.g., Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 760 (3d Cir. 2004) (holding that a two-month proximity was not unusually suggestive). As noted by the District Court, there is nothing in the record, beyond temporal proximity, to

5

suggest a retaliatory motive.  Thus, Ward failed to establish a prima facie case of retaliation.

The District Court also concluded that even if Ward had established a prima facie case, MBNA's proffer that she was not chosen for the teller position because she could not recall company policies, constituted a legitimate, nondiscriminatory reason for her non-selection.  Once a plaintiff establishes a prima facie case in an employment discrimination case, the burden of production switches to the defendant to provide a legitimate, nondiscriminatory reason for its employment decision.  See Woodson v. Scott Paper Co., 109 F.3d 913, 920 n.2 (3d Cir. 1997).  If the defendant provides such justification, the burden of persuasion is on the plaintiff to show, by a preponderance of the evidence, that the employer's proffered justification is pretextual.  See id.  Ward has failed to challenge MBNA's proffered reason for her non-selection.  Therefore, we agree with the District Court's conclusion that Ward did not meet her burden of persuasion showing that MBNA's proffered justification was pretextual.

IV.

For the foregoing reasons, we will affirm the District Court's July 22, 2013 order granting MBNA's motion for summary judgment.  Ward's "Motion to Quash Defendant's Motion for Leave to a File Supplemental Appendix" is denied.